IN THE SUPREME COURT OF THE STATE OF DELAWARE

ERIC CURRY, § 
§ No. 135, 2017
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID. No. 1511016417 (K)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: October 11, 2017
Decided: October 17, 2017

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

### ORDER

This 17th day of October, after careful consideration of the briefs and the record below, it appears to the Court that:

(1)  Following a non-jury trial in the Superior Court, Eric Curry was convicted of (i) second degree rape and (ii) sexual abuse of a child by a person of trust, based upon conduct that occurred in November 2015. As to the latter conviction, the Superior Court, relying on a habitual-offender petition filed by the State that listed two prior violent-felony convictions (aggravated menacing and second degree robbery), declared Curry a habitual offender and, on February 28,

1

2017, imposed a life sentence pursuant to Section 4214(d) of the 2016 version of the habitual-offender statute, which became law in July 2016.[1]

(2) Curry asks this Court to vacate his life sentence and remand this case for resentencing based upon an alleged *ex post facto* violation.[2] Curry submits that the trial judge erred by relying upon the 2016 version of 11 *Del. C.* § 4214(d) to sentence him for offenses that occurred in 2015. We agree and, therefore, reverse and remand to the Superior Court for resentencing.

(3) Because Curry did not raise this argument in the Superior Court, we apply a plain-error standard of review.

(4) The State concedes that "[i]t was an *ex post facto* violation to apply [the] 2016 sentencing amendment to a 2015 offense . . . [and that] [t]he law in effect at the time of the crime controls the sentence that may be opposed."[3] The State submits, however, that because of two other prior convictions *not listed in the State's habitual-offender petition*, Curry was still eligible for habitual-offender sentencing in 2017 under the provisions of § 4214(a) of the old habitual-offender statute, and, therefore, the error was harmless beyond a reasonable doubt.

---

[1] As to the former, the court sentenced Curry to twenty-five years in prison at Level V followed by decreasing levels of supervision. *See* Ex A at 1-2. The trial judge relied on two prior violent felonies—aggravated menacing and second degree robbery—in making the habitual-offender determination.

[2] Under the prohibition against *ex post facto* laws in Article I, Section 10 of the United States Constitution, "[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." *Collins v. Youngblood*, 497 U.S. 37, 43 (1990).

[3] *Appellee's Ans. Br. 10.*

(5) The flaw in the State's position is that the allegations in the habitual-offender petition that was filed and granted by the Superior Court provided an insufficient basis for declaring Curry to be an habitual-offender under the old statute, which all parties concede was applicable. It listed only two prior felony convictions (aggravated menacing in 2008 and robbery in the second degree in 2000). But Section 4214(a) of the old statute required three prior felony convictions and old § 4214(b) required two prior convictions of felonies specifically named in that section. Notably, neither of the prior felonies listed in the State's petition were listed as predicate felonies in old § 4214(b). In short, the State's petition did not meet either of the aforementioned requirements and, had the correct statute been applied, should have been denied.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Superior Court's February 28, 2017 Sentence Order is VACATED and the matter is REMANDED to the Superior Court for resentencing.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

3